UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID TILLMAN DELOACH

        Defendant.

_____/

No. 1:22-cr-41

Hon. HALA Y. JARBOU
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between David Tillman Deloach and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Counts One, Two, and Three of the Indictment. Count One charges Defendant with False Statement During Purchase of Firearms in violation of Title 18, United States Code, Section 922(a)(6). Count Two charges Defendant with Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A. Count Three charges Defendant with being a Felon in Possession of Firearms, in violation of Title 18, United States Code, Section 922(g)(1).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 922(a)(6), the following must be true: (1) that the seller was a federally licensed firearm dealer; (2) that Defendant made a false statement while acquiring a firearm from the licensed dealer; (3) that Defendant knew the statement was false; and (4) that the false statement was

intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of the firearm.

In order for Defendant to be guilty of violating Title 18, United States Code, Section 1028A, the following must be true: (1) that Defendant committed the violation charged in Count One and that the violation charged in Count One is a felony violation listed in the statute; (2) that Defendant knowingly used a means of identification of another person without lawful authority; (3) that the use was during and in relation to the crime charged in Count One.

In order for Defendant to be guilty of violating of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) that Defendant has been convicted of a crime punishable by imprisonment for more than one year; (2) that Defendant knowingly possessed the firearm; (3) that Defendant knew he was a felon at the time of the offense; and (4) the firearm crossed a state line prior to the offense.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3.  Defendant Understands the Penalty. The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 922(a)(6) or 922(g)(1) is the following: not more than 10 years of imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

The statutory mandatory sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A, is a two-year term of imprisonment,

which must run consecutively to any other sentence of imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. Mandatory Restitution (MVRA). Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees that the restitution order is not restricted to the amounts alleged in the counts to which Defendant is pleading guilty. Defendant acknowledges that any payment plan set by the Court does not prohibit the United States from collecting restitution beyond the installments set forth in the payment plan, until restitution is collected in full. Defendant agrees to fully and truthfully complete a Financial Disclosure Statement and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement.

5. Probation/Parole/Supervised Release/Bond Revocation. Defendant understands that if Defendant is presently on bond in another case, the conviction in this case may result in revocation of such bond.

6. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for

all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  <u>Asset Forfeiture and Financial Accountability.</u>  Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of Defendant's illegal activities.  Defendant further agrees to forfeit all rights, title, and interest in and to such items.

Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), which include, among other things, any firearm or ammunition involved in or used in any knowing violation under Title 18, United States Code, Section 922(g). Specifically, Defendant agrees to forfeit to the United States a Canik TP-9SFX 9mm pistol with serial number 21B11191, which was involved in Defendant's knowing violation of Title 18, United States Code, Section Section 922(g) as charged in Count Three of the Indictment. Defendant admits that the firearm is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). Defendant consents to the entry of a preliminary order of forfeiture concerning the firearm at or before the time of sentencing.

4

Defendant also consents to the administrative forfeiture of the following additional firearm by the Bureau of Alcohol, Tobacco, Firearms, and Explosives: a Glock 19 9mm pistol with serial number BPEC365 (hereinafter, the "additional firearm.") By consenting to administrative forfeiture, Defendant hereby waives any and all claims available to him in the administrative forfeiture proceeding, including any claim to timely notice and timely initiation of the administrative forfeiture proceeding. If the Bureau of Alcohol, Tobacco, Firearms, and Explosives cannot complete administrative forfeiture of the additional firearm, Defendant agrees to sign any paperwork necessary to abandon the additional firearm. If abandonment is not feasible, Defendant agrees to not contest a civil forfeiture action to forfeit the additional firearm and agrees not to assist any other individual in filing a claim to the additional firearm.

8.  <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Between on or about April 17, 2021, and April 21, 2021, Defendant purchased a Canik TP-9 9mm pistol with serial number 21CB09203 and a Canik TP-9SFX 9mm pistol with serial number 21BC11191, from On Target Guns and Gunsmithing, a licensed dealer of firearms in Kalamazoo, Michigan. During the purchase of these two firearms, Defendant falsely represented on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, that his name and true identity was that of J.F.Y., when in fact, as the defendant

then knew, he was not J.F.Y. Defendant also provided to On Target Guns and Gunsmithing the State of Michigan identification card of J.F.Y., knowing that this was not his true identity. Defendant admits that he is a convicted felon, prohibited from purchasing or possessing firearms. He used the identity of J.F.Y., a non-prohibited person, to effectuate the purchase of the two Canik 9mm pistols. Defendant intended to deceive On Target Guns and Gunsmithing into believing that he was J.F.Y., a non-prohibited person, to whom the licensed gun dealer could lawfully sell firearms. This misrepresentation was material because, if Defendant had disclosed his true identity, he would have been prohibited from lawfully purchasing any firearms. Defendant admits that he did not have lawful authority to use the identification of J.F.Y. to purchase firearms from On Target Guns and Gunsmithing.

On or about April 21, 2021, Defendant possessed two Canik 9mm pistols (serial numbers 21CB09203 and 21BC11191), which he purchased and carried away from On Target Guns and Gunsmithing in Kalamazoo, Michigan. Prior to this date, Defendant had previously been convicted of a felony offense and he knew that he was a felon. Defendant does not dispute that both of the Canik 9mm pistols with serial numbers 21CB09203 and 21BC11191 were manufactured outside the State of Michigan.

9. <u>Dismissal of Other Counts/Charges.</u> The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant the time of sentencing. Defendant agrees, however, that in determining the sentence the

Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

10. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

12. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court

must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

14. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea[s], there will be no

trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15.    <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this

case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.  <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea[s], and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

17.  <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18.  <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and

void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

19. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

6/1/2022
Date

ERIN K. LANE
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_5/27/2022_
Date

_David Tillman DeLoach_ (signature)
DAVID TILLMAN DELOACH
Defendant

    I am David Tillman Deloach's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_05/27/2022_
Date

_Joanna C Kloet_ (signature)
JOANNA KLOET
Attorney for Defendant